UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-02210-RGK-AGR | Date | July 31, 2018 |
|---|---|---|---|
| Title | *Monument Peak Ventures, LLC v. SZ DJI Technology Co., Ltd. et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendants' Motion to Dismiss the First Amended Complaint (DE 26, 30)

## I. INTRODUCTION

On May 31, 2018, Plaintiff Monument Peak Ventures, LLC ("MPV") filed a First Amended Complaint ("FAC") against Defendant SZ DJI Technology Co., Ltd., DJI Europe D.V., and DJI Technology Inc. (collectively, "Defendants") alleging five counts of patent infringement. Specifically, MPV alleges that Defendants are infringing on (1) Claim 1 of U.S. Patent No. 6,282,317 ("the '317 Patent"), (2) Claim 21 of U.S. Patent No. 6,760,485 ("the '485 Patent"), (3) Claim 25 of U.S. Patent No. 6,781,713 ("the '713 Patent"), (4) Claim 12 of U.S. Patent No. 8,675,112 ("the '112 Patent), and (5) Claim 20 of U.S. Patent No. 8,750,674.

Currently before the Court is Defendants' motion to dismiss counts 1–4 under Federal Rule of Civil Procedure ("Rule") 12(b)(6), on the ground that the claims at issue are patent-ineligible under 35 U.S.C. § 101. For the following reasons, the Court **GRANTS in part** and **DENIES in part** Defendants' motion.

## II. FACTUAL BACKGROUND

Each claim at issue in the present motion is described below.

### A. Claim 1 of the '317 Patent

The '317 Patent discloses a method for the automatic determination of the location of main subjects within digitally captured photographic images. (FAC ¶ 24, ECF No. 18; '317 Patent, Compl. Ex. A, ECF No. 1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-02210-RGK-AGR | Date | July 31, 2018 |
|---|---|---|---|
| Title | *Monument Peak Ventures, LLC v. SZ DJI Technology Co., Ltd. et al.* | | |

The FAC, consistent with the patent specification, alleges that the prior art methods for detecting subjects included "pixel-based" and "region-based" methods designed for targeted or simple images. Some of those methods involved analyzing salient regions in an image, or contrasting certain features known to influence human visual attention. (*Id.* at 1–3.) But with each prior art method, the "criteria and reasoning processes used were somewhat inadequate" to detect the subjects in unconstrained images like photographs. (FAC ¶ 23, ECF No. 18.) The claimed invention seeks to improve upon prior art by providing a new method for subject detection in digital images. (*Id.* at ¶ 25.)

MPV alleges that Defendants are infringing on Claim 1 of the '317 Patent, which claims the invention's method for detecting a main subject in a digital image. The method is comprised of the following steps:

> a) receiving a digital image;
> b) extracting regions of arbitrary shape and size defined by actual objects from the digital image;
> c) extracting for each of the regions at least one structural saliency feature and at least one semantic saliency feature; and,
> d) integrating the structural saliency feature and the semantic feature using a probabilistic reasoning engine into an estimate of a belief that each region is the main subject.

('317 Patent at 15:45–57, Compl. Ex. A, ECF No. 1.) A structural saliency feature is defined as a low-level vision or geometric feature, such as shape, size, or location. (FAC ¶ 24, ECF No. 18.) A semantic saliency feature is defined as key subject matter, such as flesh, a person, a face, sky, or grass. (*Id.*)

**B.   Claim 21 of the '485 Patent and Claim 25 of the '713 Patent**

The '485 Patent and the '713 Patent disclose a method for nonlinearly correcting exposure in a rendered digital image. (FAC ¶¶ 48, 74, ECF No. 18; '485 Patent, Compl. Ex. B, ECF No. 1; '713 Patent, Compl. Ex. C, ECF No. 1.)

Prior art did not permit an unskilled user to directly adjust scene exposure; it could only adjust the brightness, contrast, or gamma of an image. (FAC ¶¶ 50, 76, ECF No. 18.) The claimed invention seeks to improve upon that prior art by providing a method through which an ordinary user can alter the exposure level in a digital image. (*Id.* at ¶¶ 51, 77.)

MPV alleges that Defendant is infringing on Claim 21 of the '485 Patent and Claim 25 of the '713 Patent, each of which claims similar methods. Claim 21 of the '485 Patent claims a method for processing a rendered image, comprising:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-02210-RGK-AGR | Date | July 31, 2018 |
|---|---|---|---|
| Title | *Monument Peak Ventures, LLC v. SZ DJI Technology Co., Ltd. et al.* | | |

[A]llowing a single user adjustable exposure setting to be changed;
selecting an exposure modification transform responsive to changes in the exposure setting the transform accounting for a rendering used to produce the rendered image and effecting a change that appears as if a different exposure level was used to capture the image; and
using the selected exposure modification transform to transform the rendered image.

('485 Patent at 13:16–14:7, Compl. Ex. B, ECF No. 1-2.) Claim 25 of the '713 Patent claims the same method for processing an image, but with an additional final step of "displaying the transformed image as the exposure setting is changed." ('713 Patent at 14:33–45, Compl. Ex. C, ECF No. 1-3.)

### A.    Claim 12 of the '112 Patent

The '112 Patent discloses "an image capture device [that] provides guidance for capturing images at different locations." (FAC ¶ 103, ECF No. 18; '112 Patent, Compl. Ex. D, ECF No. 1.)

The FAC, consistent with the patent specification, alleges that prior art included photo-based scavenger hunt games, museum and historic tours, and other photo-based experience applications for mobile phones, tablet computers, and networked cameras. (FAC ¶ 102, ECF No. 18.) Photo-based experience applications are sometimes provided or modified based on a user's geographical location, as determined through the device's global positioning system ("GPS") or internet connection information. But the photo-based experiences are typically "designed once and played many times in a similar manner by all the users." (*Id.* at ¶ 102.)

The claimed invention seeks to improve upon that technology by "provid[ing] guidance for capturing images at different locations" to create a "photo-based experience responsive to the user, situation, and conditions." (*Id.* ¶ 103.) To do so, the claimed invention analyzes the pixel data of an image captured by the user to determine and provide guidance on a second possible image capture location. (*Id.*)

MPV alleges that Defendant is infringing on Claim 12 of the '112 Patent, which claims the invention's method. The method is performed on a computing device capable of capturing and displaying a captured digital image, such as a smart phone. The method is comprised of:

[1] displaying, on an image display of a computing device, guidance information for capturing a first digital image at a location of a first scene;
[2] capturing, by the computing device, the first digital image of the first scene using the guidance information;
[3] analyzing, by the computing device, pixel data of the first digital image to determine a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-02210-RGK-AGR | Date | July 31, 2018 |
|---|---|---|---|
| Title | *Monument Peak Ventures, LLC v. SZ DJI Technology Co., Ltd. et al.* | | |

location of a second scene and guidance information for locating the second scene, wherein the location of the second scene is selected from a plurality of possible locations, and wherein the location of the second scene is different from the location of the first scene; and

[4] displaying, by the computing device, the guidance information for locating the second scene.

('112 Patent at 24:25–40, Compl. Ex. D, ECF No. 1.)

### III.   JUDICIAL STANDARD

Patent eligibility can be determined on a Rule 12(b)(6) motion to dismiss "when there are no factual allegations that, taken as true, prevent resolving the eligibility question as a matter of law." *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1125 (Fed. Cir. 2018). In considering such a motion, the court applies the same well-settled standards that are generally applied in Rule 12(b)(6) motions.

Dismissal under 12(b)(6) is proper where there is a "lack of a cognizable legal theory" or an "absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive a motion under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff alleges enough facts to permit a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A plaintiff need not provide "detailed factual allegations" but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a Rule 12(b)(6) motion, the court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court must also "construe the pleadings in the light most favorable to the nonmoving party." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012). The court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Moreover, the court "need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit, such as the claims and the patent specification." *Aatrix Software, Inc.*, 882 F.3d at 1358 (quoting *Secured Mail Sol'ns LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-02210-RGK-AGR | Date | July 31, 2018 |
|---|---|---|---|
| Title | *Monument Peak Ventures, LLC v. SZ DJI Technology Co., Ltd. et al.* | | |

## IV.   DISCUSSION

Defendants argue that the claims at issue in the '317, '487, '713, and '112 Patents are drawn to abstract ideas without an inventive concept and that they are therefore patent-ineligible under Section 101 of the Patent Act.

Under Section 101 of the Patent Act, anyone who "invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof" may obtain a patent. 35 U.S.C. § 101. The Supreme Court "has long held that this provision contains an important implicit exception: Laws of nature, natural phenomena, and abstract ideas are not patentable." *Alice Corp. Pty. Ltd. v. CLS Bank Intern.* ("*Alice*"), 134 S. Ct. 2347, 2354 (2014) (quoting *Assoc. for Molecular Pathology v. Myriad Genetics, Inc.*, 569 U.S. 576, 589 (2013).

In *Alice*, the Supreme Court articulated a two-part framework to determine whether a claim is patent eligible under § 101 ("the *Alice* framework"). *Id.* at 2355. The Court must first determine whether the claims at issue are directed to a patent-ineligible concept, such as an abstract idea. At this step, the court looks "at the focus of the claims, their character as a whole." *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1353 (Fed. Cir. 2016) (internal quotations omitted); *Cal. Inst. of Tech. v. Hughes Commc'ns Inc.*, 59 F. Supp. 3d 974, 991 (C.D. Cal. 2014) (explaining that courts at the first step consider whether the purpose of the claim is abstract). If the claims are not directed to a patent-ineligible concept, the claims are patent eligible and the inquiry ends. *Visual Memory LLC v. NVIDIA Corp.*, 867 F.3d 1253, 1262 (Fed. Cir. 2017).

If the claims are directed to a patent-ineligible concept, the Court then determines whether the claim's elements, considered both individually and as an ordered combination, contain an "inventive concept" that transforms the nature of the claim into a patent-eligible application. *Alice*, 134 S. Ct. at 2355. A claim contains an inventive concept if the claim limitations "involve more than performance of 'well-understood, routine, [and] conventional activities previously known to the industry.'" *Content Extraction and Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1347 (Fed. Cir. 2014) (quoting *Alice*, 134 S. Ct. at 2359). If the claim is drawn so broadly that it preempts nearly any inventive activity that makes use of the ineligible concept, it will likely fail step two. *See Cal. Inst. of Tech. v. Hughes Commc'ns Inc.*, 59 F. Supp. 3d at 992 (citing *Mayo Collab. Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 77 (2012)).

The Court applies the *Alice* framework to each challenged claim in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-02210-RGK-AGR | Date | July 31, 2018 |
|---|---|---|---|
| Title | *Monument Peak Ventures, LLC v. SZ DJI Technology Co., Ltd. et al.* | | |

### A.  Count 1: Claim 1 of the '317 Patent

The Court first addresses Claim 1 of the '317 Patent, which, as described above, discloses a method for the detection of the main subject of a digital photographic image.

####  1.  *Abstract Idea*

Defendants argue Claim 1 of the '317 Patent is directed to acquiring information and analyzing that information using a mathematical formula. MPV counters that Claim 1 is directed to an improved method of subject detection in digital imaging systems.

Collecting and analyzing information is an abstract idea, as are mathematical equations. *Elec. Power Grp.*, 830 F.3d at 1353–54; *Digitech Image Techs., LLC v. Elecs. For Imaging, Inc.* ("*Digitech*"), 758 F.3d 1344, 1351 (Fed .Cir. 2014). Nevertheless, claims directed to a particular application of abstract ideas to create a new and improved way in which a technological device, system, or process functions are patent eligible. *See Thales Visionix Inc. v. United States*, 850 F.3d 1343, 1347 (Fed. Cir. 2017) (discussing instructive cases). In *Thales*, for example, the Federal Circuit held an invention was patent eligible because, although it *made use* of an abstract mathematical equation, it was *directed to* "methods that use inertial sensors in a non-conventional manner to reduce errors" in inertial tracking systems. *Id.* at 1348–49. Importantly, the claims specified "a particular configuration of inertial sensors and a particular method of using the raw data from the sensors in order to more accurately calculate the position and orientation of an object on a moving platform" *Id.* at 1349.

Not all claims directed to an improvement are patent-eligible. The improvement must be to the functionality of a computer or other technology; claims are ineligible if they are directed to an advance "entirely in the realm of abstract ideas, with no plausibly alleged innovation in the non-abstract application realm." *SAP America, Inc. v. Investpic, LLC* ("*SAP*"), 890 F.3d 1016, 1018 (Fed. Cir. 2018); *see also Digitech*, 758 F.3d at 1350 (holding that a claim directed to "a process of organizing information through mathematical correlations . . . [that] is not tied to a specific structure or machine" is patent-ineligible); *Elec. Power Grp., LLC*, 830 F.3d at 1354 (finding a claim ineligible where the purported advance was in a "process of gathering and analyzing information of a specified content . . . and not any particular assertedly inventive technology for performing those functions").

In *SAP*, for example, the patent specification explained that the analytical methods used by financial information sites produced inaccurate estimates of the risks and rewards associated with investment or trading strategies. *Id.* at 1018. The patent sought to improve the mathematical techniques used to analyze financial data. *Id.* The Federal Circuit held the claims were directed to the abstract ideas of "selecting certain information, analyzing it using mathematical techniques, and reporting or displaying the results of the analysis." *Id.* at 1021. Moreover, as evidenced by the method's employment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-02210-RGK-AGR | Date | July 31, 2018 |
|---|---|---|---|
| Title | *Monument Peak Ventures, LLC v. SZ DJI Technology Co., Ltd. et al.* | | |

of "off-the-shelf computer technology," the claim focused on improved mathematical analysis and not on any improved computer or network. *Id.*

As far as the first step, Claim 1 of the '317 Patent is more similar to *SAP*. Claim 1 is directed to the abstract idea of collecting and analyzing information: the extraction and integration of features from an image to determine its subject. The specification makes clear that the claimed improvement is not to the functionality of the image processing system itself, but to the type of information collected and analyzed. This is an advance "entirely in the realm of abstract ideas." *Id.* at 1018. Indeed, as in *SAP* the method employs solely "off-the-shelf computer technology." *Id.* at 1021.

Thus, Claim 1 is directed to an abstract idea.

    2. *Inventive Concept*

Because Claim 1 is directed to an abstract idea, the Court must consider whether its elements contain an inventive concept. The FAC alleges that the claimed method for identifying the subject of an unconstrained digital image was "not well-understood, routine or conventional at the time of the invention." (FAC ¶ 23, ECF No. 18.) As such, MPV argues Claim 1 contains an inventive concept. Defendants argue MPV's allegation is conclusory and contradicted by the specification, which admits that the claimed method can be implemented on any image processing system and that it makes use of a well-known algorithm (the "Bayes net").

At this stage, the Court cannot say the claim's limitations are devoid of an inventive concept as a matter of law. Claim 1 contains specific limiting rules, such as requiring the extraction of both structural and semantic saliency features, and "integrating" those features to account for the relative importance of each feature, that are tied to digital image processing. *See Cal. Inst. Of Tech.*, 59 F. Supp. 3d at 994 (finding a claim with narrowly defined algorithms tied to a specific error correction process contained inventive concepts). Because of these limitations, Claim 1 will not preempt any method of subject detection that analyzes the features of an image or that uses an algorithm. Additionally, the FAC alleges that this specific process was unconventional in the field of digital imaging, and the specification does not directly contradict this allegation.

Accordingly, Claim 1 survives Defendants' motion to dismiss.

    **B.**    **Counts 2 and 3: Claim 21 of the '485 Patent and Claim 25 of the '713 Patent**

The Court turns next to Claim 21 of the '485 Patent and Claim 25 of the '713 Patent, which, as described above, disclose a method for adjusting the exposure in a rendered digital image.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-02210-RGK-AGR | Date | July 31, 2018 |
|---|---|---|---|
| Title | *Monument Peak Ventures, LLC v. SZ DJI Technology Co., Ltd. et al.* | | |

1. *Abstract Idea*

Defendants argue Claim 21 of the '485 Patent and Claim 25 of the '713 Patent are directed to the abstract idea of processing an image using a mathematical formula. MPV counters that these claims are directed to an improved method of exposure adjustment.

MPV argues that Claim 21 is similar to the claim at issue in *McRO*. In that case, the Federal Circuit addressed a claim directed to enabling computers to automatically produce "'accurate and realistic lip synchronization and facial expressions in animated characters' that previously could only be produced by human animators." *McRO*, 837 F.3d at 1313 (quoting patent language). To do so, the claim disclosed a set of rules with specific characteristics. Because "[t]he claim use[d] the limited rules in a process specifically designed to achieve an improved technological result in conventional industry practice," namely automated lip synchronization of 3-D characters, it was not directed to an abstract idea. *Id.* at 1316.

Defendants counter that unlike in *McRO*, Claim 21 recites no specific rules to change the exposure of a digital image. MPV argues "specific rules" are not necessary for patent eligibility so long as the claim is directed to improvements to existing technology. To the contrary, *McRO* emphasizes that a claim must be directed to a particular means of improving the relevant technology. *McRO*, 837 F.3d at 1314 ("The abstract idea exception has been applied to prevent patenting of claims that abstractly cover results where it matters not by what process or machinery the result is accomplished.").

The Court agrees that Claims 21 and 25 are directed to an improved method of exposure adjustment but finds the claims lack the necessary level of specificity to render them non-abstract. The first step in Claim 21, "allowing a single user adjustable exposure setting to be changed," recites a result but no particular means for how to achieve it. Similarly, the next steps each involve the use of an exposure modification transform (an abstract mathematical formula). Beyond stating that the transform should be responsive to changes in the exposure setting, the claim provides no limiting rules or particular characteristics for effecting the desired change. The claims are therefore directed to abstract ideas.

2. *Inventive Concept*

MPV alleges that the claimed method of adjusting the exposure of a rendered image using a user-adjustable exposure setting and an exposure modification transform is an inventive concept. As with the '317 Patent, Defendants argue MPV's allegations are conclusory and contradicted by the specification. The Court finds the limitations of Claims 21 and 25 contain no saving inventive concept.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-02210-RGK-AGR | Date | July 31, 2018 |
|---|---|---|---|
| Title | *Monument Peak Ventures, LLC v. SZ DJI Technology Co., Ltd. et al.* | | |

Although MPV alleges that prior art methods did not directly adjust for scene exposure, MPV's claimed method for doing so contains no unconventional, non-abstract limitations. Instead, "the instructions are recited at a high level of generality" and involve conventional ideas of inputting specific information into an algorithm that is already employed in the field of image processing. *See Interval Licensing LLC v. AOL, Inc.*, Case Nos. 2016-2502–07, 2018 WL 3485608, at *8 (Fed. Cir. July 20, 2018). Moreover, the specification states that the claimed method can be implemented on a generic computer, that it uses "well-known user interface techniques," and that the transform is implemented through a conventional "lookup table." ('465 Patent at 3–4, Compl. Ex. B, ECF No. 1–2; '317 Patent at 3–4, Compl. Ex. C, ECF No. 1–3.) This fails to satisfy the requirements of section 101. *See Elec. Power Grp., LLC*, 830 F.3d at 1356 (finding no inventive concept where the claims "do not include any requirement for performing the claimed functions of gathering, analyzing, and displaying [information] . . . by use of anything but entirely conventional, generic technology.").

Claims 21 and 25 are therefore subject to dismissal.

**C.     Count 4: Claim 12 of the '112 Patent**

Finally, the Court turns to Claim 12 of the '112 Patent, which, as described above, claims a method for producing guidance information for capturing an image.

    *1.     Abstract Idea*

Claim 12 is drawn to analyzing pixel data in a captured image in order to identify a second possible image capture location and generate guidance information to capture an image at the identified location. As Defendants argue, Claim 12 is therefore drawn to the abstract idea of acquiring, analyzing, and displaying information. *See Elec. Power Grp.*, 830 F.3d at 1353–54.

    *2.     Inventive Concept*

Turning to the second step of the *Alice* framework, each claim limitation on its own recites abstract concepts implemented using a generic computing device, image display, image sensor, processor, and algorithm. Moreover, both providing guidance information for capturing an image and capturing an image are well-known, conventional practices, as admitted by the specification. Taken as an ordered whole, however, the Court cannot say as a matter of law that the specific method of producing guidance information for capturing an image is conventional or generic.

The invention "claim[s] a technical way to satisfy an existing problem" in photo-based experience applications on computing devices, and it does so with sufficient particularity to avoid preemption concerns. *See Bascom Global Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-02210-RGK-AGR | Date | July 31, 2018 |
|---|---|---|---|
| Title | *Monument Peak Ventures, LLC v. SZ DJI Technology Co., Ltd. et al.* | | |

1351 (Fed. Cir. 2016). Specifically, the invention claims a pixel-analysis method that allows photo-based experience applications to provide varied and customized instructions to users. The FAC alleges that both the pixel-analysis method and the resulting responsive guidance information were unconventional in the field; the specification does not refute that allegation. While the prior art provided a photo-based experience using a static, predetermined design, the claimed invention suggests successive image-capture locations that directly respond and adapt to the previous image captured by the user.

Accordingly, Claim 12 also survives Defendants' motion to dismiss.

**V.    CONCLUSION**

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** Defendants' motion to dismiss. Because Claim 21 of the '485 Patent and Claim 25 of the '713 Patent are ineligible under 35 U.S.C. § 101, the Court dismisses Counts 2 and 3 of the FAC.

**IT IS SO ORDERED.**

_____ : _____
Initials of Preparer