M. ELIZABETH DAY (SBN 177125)
eday@feinday.com
DAVID ALBERTI (SBN 220265)
dalberti@feinday.com
SAL LIM (SBN 211836)
slim@feinday.com
MARC BELLOLI (SBN 244290)
mbelloli@feinday.com
**FEINBERG DAY ALBERTI LIM & BELLOLI LLP**
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
Tel: 650.618.4360
Fax: 650.618.4368

*Attorneys for* Plaintiff
Monument Peak Ventures, LLC

BRYAN WILSON (CA SBN 138842)
BWilson@mofo.com
YUE LI (CA SBN 287280)
YLi@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California  94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792

HECTOR G. GALLEGOS (CA SBN 175137)
HGallegos@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California  90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454
Attorneys for Defendants
DJI TECHNOLOGY INC.,
SZ DJI TECHNOLOGY, LTD., and
DJI EUROPE B.V. (incorrectly sued as DJI Europe D.V.)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONUMENT PEAK VENTURES, LLC<br><br>Plaintiff,<br><br>v.<br><br>SZ DJI TECHNOLOGY CO., LTD., DJI EUROPE D.V., and DJI TECHNOLOGY INC.,<br><br>Defendants. | CASE NO.  2:18-cv-02210-RGK-AGR<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**DISCOVERY MATTER**<br><br>NOTE CHANGES MADE BY THE COURT |

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal.

2. **DEFINITIONS**

    2.1.    *Monument Peak Ventures, LLC v. SZ DJI Technology Co., Ltd. et al.*, Case No. 2:18-cv-02210-RGK-AGR (C.D. Cal).

    2.2.    Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

    2.3.    "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored or maintained), and/or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including confidential or proprietary information or trade secrets of the Party or a Non-Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material, and information that a party believes in good faith to be subject to federal, state, or foreign data protection laws or other privacy obligations.

    2.4.    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

    2.5.    Designating Party: a Party or Non-Party that designates information or

1   items that it produces in disclosures or in responses to discovery as

2   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

3   ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".

4       2.6.   Disclosure or Discovery Material: All items or information, regardless

5   of the medium or manner in which it is generated, stored, or maintained (including,

6   among other things, testimony, transcripts, and tangible things), that are produced

7   or generated in disclosures or responses to discovery in this matter.

8       2.7.   Expert: A person with specialized knowledge or experience in a matter

9   pertinent to this Action who (1) has been retained by a Party or its counsel to serve

10   as an expert witness or as a consultant in this Action, (2) is not a past or current

11   employee of a Party or of a Party's competitor, and (3) at the time of retention, is

12   not anticipated to become an employee of a Party or of a Party's competitor.

13       2.8.   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

14   Information or Items: Extremely sensitive confidential information, disclosure of

15   which to another Party or Non-Party would create a substantial risk of serious harm

16   that could not be avoided by less restrictive means.

17       2.9.   "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or

18   Items: extremely sensitive confidential information representing computer code,

19   associated comments, revision histories, formulas, engineering specifications, or

20   schematics that define or otherwise describe in detail the algorithms or structure of

21   software or hardware designs, disclosure of which to another Party or Non-Party

22   would create a substantial risk of serious harm that could not be avoided by less

23   restrictive means ("Source Code").  Source Code includes, without limitation: (a)

24   human-readable programming language text that defines a computer program,

25   software, algorithm, firmware, or electronic hardware; (b) internal specification or

26   documentation extensively explaining or quoting a computer program, software,

27   algorithm, firmware, or electronic hardware; and (c) text files containing computer

28   code including but not limited to files containing code written in scripting

1    languages, "C," "C++," C#, assembly language, hardware description language

2    ("HDL"), VHDL, Verilog, and digital signal processor ("DSP") programming

3    languages; and (d) ".include files," "make" files, link files, and other human-

4    readable text files used in the generation and/or building of software directly

5    executed on a microprocessor, micro-controller, or DSP.  SOURCE CODE does not

6    include binary executable files and object code files, nor does it include tools such

7    as compilers or linkers.

8         2.10.  <u>House Counsel</u>: Attorneys who are employees of a party to this

9    Action.  House Counsel does not include Outside Counsel of Record or any other

10   outside counsel.

11        2.11.  <u>Non-Party</u>: Any natural person, partnership, corporation, association,

12   or other legal entity not named as a Party to this Action.

13        2.12.  <u>Outside Counsel of Record</u>: Attorneys who are not employees of a

14   party to this Action but are retained to represent or advise a party to this Action and

15   have appeared in this Action on behalf of that party or are affiliated with a law firm

16   which has appeared on behalf of that party, and includes support staff.

17        2.13.  <u>Party</u>: Any party to this action, including all of its officers, directors,

18   employees, consultants, retained experts, and Outside Counsel of Record (and their

19   support staffs).

20        2.14.  <u>Producing Party</u>: A Party or Non-Party that produces Disclosure or

21   Discovery Material in this Action.

22        2.15.  <u>Professional Vendors</u>: Persons or entities that provide litigation

23   support services (e.g., stenographers, photocopying, videotaping, translating,

24   preparing exhibits or demonstrations, and organizing, storing, or retrieving data in

25   any form or medium) and their employees and subcontractors.

26        2.16.  <u>Protected Material</u>: Any Disclosure or Discovery Material that is

27   designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

28   EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

1    2.17. <u>Receiving Party</u>: A Party that receives Disclosure or Discovery

2    Material from a Producing Party.

3    **3.    SCOPE**

4         The protections conferred by this Stipulation and Order cover not only

5    Protected Material (as defined above), but also (1) any information copied or

6    extracted from Protected Material; (2) all copies, excerpts, summaries, or

7    compilations of Protected Material; and (3) any testimony, conversations, or

8    presentations by Parties or their Counsel that might reveal Protected Material.

9    However, the protections conferred by this Stipulation and Order do not cover the

10   following information: (a) any information that is in the public domain at the time

11   of disclosure to a Receiving Party or becomes part of the public domain after its

12   disclosure to a Receiving Party as a result of publication not involving a violation

13   of this Order, including becoming part of the public record through trial or

14   otherwise; and (b) any information known to the Receiving Party prior to the

15   disclosure or obtained by the Receiving Party after the disclosure from a source

16   who obtained the information lawfully and under no obligation of confidentiality to

17   the Designating Party.  Any use of Protected Material at trial shall be governed by a

18   separate agreement or order.

19   **4.    DURATION**

20        Even after final disposition of this Action, the confidentiality obligations

21   imposed by this Order shall remain in effect until a Designating Party agrees

22   otherwise in writing or a court order otherwise directs.  Final disposition shall be

23   deemed to be the later of (1) dismissal of all claims and defenses in this action, with

24   or without prejudice; and (2) final judgment herein after the completion and

25   exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

26   including the time limits for filing any motions or applications for extension of time

27   pursuant to applicable law.

28   **5.    DESIGNATING PROTECTED MATERIAL**

1    5.1.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

2    Each Party or Non-Party that designates information or items for protection under

3    this Order must take care to limit any such designation to specific material that

4    qualifies under the appropriate standards.  To the extent it is practical to do so, the

5    Designating Party must designate for protection only those parts of material,

6    documents, items, or oral or written communications that qualify – so that other

7    portions of the material, documents, items, or communications for which protection

8    is not warranted are not swept unjustifiably within the ambit of this Order.

9    Mass, indiscriminate, or routinized designations are prohibited. Designations

10   that are shown to be clearly unjustified or that have been made for an improper

11   purpose (e.g., to unnecessarily encumber or retard the case development process or

12   to impose unnecessary expenses and burdens on other parties) may expose the

13   Designating Party to sanctions.

14   If it comes to a Designating Party's attention that information or items that it

15   designated for protection do not qualify for protection at all or do not qualify for the

16   level of protection initially asserted, that Designating Party must promptly notify all

17   other parties that it is withdrawing the mistaken designation.

18   5.2.    <u>Manner and Timing of Designations.</u> Except as otherwise provided in

19   this Order (*see, e.g.*, second paragraph of Section 5.2(a) below), or as otherwise

20   stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

21   under this Order must be clearly so designated before the material is disclosed or

22   produced.

23   Designation in conformity with this Order requires:

24   (a)    <u>For information in documentary form</u> (e.g., paper or electronic

25   documents, but excluding transcripts of depositions or other pretrial or trial

26   proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or

27   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

28   CONFIDENTIAL – SOURCE CODE" to each page that contains protected

1    material.  To the extent it is practical to do so, if only a portion or portions of the

2    material on a page qualifies for protection, the Producing Party also must clearly

3    identify the protected portion(s) (e.g., by making appropriate markings in the

4    margins) and must specify, for each portion, the level of protection being asserted.

5       A Party or Non-Party that makes original documents or materials available

6    for inspection need not designate them for protection until after the inspecting Party

7    has indicated which material it would like copied and produced.  During the

8    inspection and before the designation, all of the material made available for

9    inspection, except for Source Code, shall be deemed "HIGHLY CONFIDENTIAL

10   – ATTORNEYS' EYES ONLY" and Source Code shall be deemed "HIGHLY

11   CONFIDENTIAL – SOURCE CODE."  After the inspecting Party has identified

12   the documents it wants copied and produced, the Producing Party must determine

13   which documents, or portions thereof, qualify for protection under this Order.

14   Then, before producing the specified documents, the Producing Party must affix the

15   appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

16   ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE

17   CODE") to each page that contains Protected Material. To the extent it is practical

18   to do so, if only a portion or portions of the material on a page qualifies for

19   protection, the Producing Party also must clearly identify the protected portion(s)

20   (e.g., by making appropriate markings in the margins) and must specify, for each

21   portion, the level of protection being asserted.

22       (b)   For testimony given in deposition ~~or in other pretrial or trial~~

23   ~~proceedings,~~ that the Designating Party identify on the record, before the close of

24   the deposition, hearing, or other proceeding, all protected testimony and specify the

25   level of protection being asserted.  When it is impractical to identify separately each

26   portion of testimony that is entitled to protection and it appears that substantial

27   portions of the testimony may qualify for protection, the Designating Party may

28   invoke on the record (before the deposition, ~~hearing, or other proceeding~~ is

1    concluded) a right to have up to 30 days to identify the specific portions of the

2    testimony as to which protection is sought and to specify the level of protection

3    being asserted. Only those portions of the testimony that are appropriately

4    designated for protection within the 30 days shall be covered by the provisions of

5    this Stipulated Protective Order. Alternatively, a Designating Party may specify, at

6    the deposition or up to 30 days afterwards if that period is properly invoked, that

7    the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY

8    CONFIDENTIAL – ATTORNEYS' EYES ONLY."

9        The use of a document as an exhibit at a deposition shall not in any way

10    affect the document's designation as "CONFIDENTIAL," "HIGHLY

11    CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY

12    CONFIDENTIAL – SOURCE CODE." Any transcript that is prepared before the

13    expiration of a 30-day period for designation shall be treated during that period as if

14    it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

15    ONLY" in its entirety unless otherwise agreed. After the expiration of that period,

16    the transcript shall be treated only as actually designated.

17        (c)    For information produced in some form other than documentary and

18    for any other tangible items, that the Producing Party affix in a prominent place on

19    the exterior of the container or containers in which the information or item is stored

20    the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

21    EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE". If only a

22    portion or portions of the information or item warrant protection, the Producing

23    Party, to the extent practicable, shall identify the protected portion(s) and specify

24    the level of protection being asserted.

25        5.3.    Inadvertent Failures to Designate. If timely corrected, an inadvertent

26    failure to designate qualified information or items does not, standing alone, waive

27    the Designating Party's right to secure protection under this Order for such

28    material. Upon timely correction of a designation, the Receiving Party must make

1 reasonable efforts to assure that the material is treated in accordance with the

2 provisions of this Order.

3 **6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

4       6.1.    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a

*consistent with the scheduling order*

 5 designation of confidentiality at any time. Unless a prompt challenge to a

6 Designating Party's confidentiality designation is necessary to avoid foreseeable,

7 substantial unfairness, unnecessary economic burdens, or a significant disruption or

8 delay of the litigation, a Party does not waive its right to challenge a confidentiality

9 designation by electing not to mount a challenge promptly after the original

10 designation is disclosed.

11       6.2.    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute

12 resolution process under Local Rule 37.1.  To avoid ambiguity as to whether a

13 challenge has been made, the Challenging Party shall provide a written notice of

14 each designation it is challenging and describe the basis for each challenge.  The

15 written notice must recite that the challenge to confidentiality is being made in

16 accordance with this specific paragraph of the Protective Order.  The parties shall

17 attempt to resolve each challenge in good faith and must begin the process by

18 conferring directly (in voice to voice dialogue; other forms of communication are

19 not sufficient) within 14 days of the date of service of notice.  In conferring, the

20 Challenging Party must explain the basis for its belief that the confidentiality

21 designation was not proper and must give the Designating Party an opportunity to

22 review the designated material, to reconsider the circumstances, and, if no change

23 in designation is offered, to explain the basis for the chosen designation. A

24 Challenging Party may proceed to the next stage of the challenge process only if it

25 has engaged in this meet and confer process first or establishes that the Designating

26 Party is unwilling to participate in the meet and confer process in a timely manner.

27       6.3.    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without

28 court intervention, the parties must meet-and-confer pursuant to Local Rule 37-1.

1   If the parties are unable to come to an agreement, the parties must submit a joint

2   stipulation setting forth the issues, as required by Local Rule 37-2 within 21 days of

3   the initial notice of challenge or within 14 days of the parties agreeing that the meet

4   and confer process will not resolve their dispute, whichever is earlier, and conforms

5   to the Local Rules.  Under Local Rule 37-2, each written stipulation must be filed

6   and served with the notice of the motion.

7        The burden of persuasion in any such challenge proceeding shall be on the

8   Designating Party.  Frivolous challenges and those made for an improper purpose

9   (e.g., to harass or impose unnecessary expenses and burdens on other parties) may

10   expose the Challenging Party to sanctions.  Unless the parties submit a joint

11   stipulation, all parties shall continue to afford the material in question the level of

12   protection to which it is entitled under the Producing Party's designation until the

13   court rules on the challenge.

14   **7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

15        7.1.   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is

16   disclosed or produced by another Party or by a Non-Party in connection with this

17   case only for prosecuting, defending, or attempting to settle this Action.

18   Specifically, all Protected Material shall be used solely for this case or any related

19   appellate proceeding, and not for any other purpose whatsoever, including without

20   limitation any other litigation, patent prosecution or acquisition, patent

21   reexamination or reissue proceedings, or any business or competitive purpose or

22   function, unless otherwise agreed to by the Parties or ordered by the court.

23   Protected Material shall not be distributed, disclosed or made available to anyone

24   except as expressly provided in this Order.

25        Such Protected Material may be disclosed only to the categories of persons

26   and under the conditions described in this Order. When the Action has been

27   terminated, a Receiving Party must comply with the provisions of Section 15 below

28   (FINAL DISPOSITION).

1   Protected Material must be stored and maintained by a Receiving Party at a

2   location and in a secure manner that ensures that access is limited to the persons

3   authorized under this Order.

4       7.2.   Disclosure of "CONFIDENTIAL" Information or Items. Unless

5   otherwise ordered by the court or permitted in writing by the Designating Party, a

6   Receiving Party may disclose any information or item designated

7   "CONFIDENTIAL" only to:

8       (a)   the Receiving Party's Outside Counsel of Record in this Action, as

9   well as employees of said Outside Counsel of Record to whom it is reasonably

10  necessary to disclose the information for this Action;

11      (b)   The Receiving Party's House Counsel who either have responsibility

12  for making decisions dealing directly with the litigation of this Action, or who are

13  assisting outside counsel in the litigation of this Action;

14      (c)   Up to and including three designated representatives of the Receiving

15  Party to whom disclosure is reasonably necessary for this Action and who have

16  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

17      (d)   Experts (as defined in this Order) of the Receiving Party (1) to whom

18  disclosure is reasonably necessary for this Action, and (2) who have signed the

19  "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom

20  the procedures set forth in Section 7.5(a), below, have been followed;

21      (e)   the Court and its personnel;

22      (f)   independent litigation support services, including court reporters and

23  their staff, professional jury or trial consultants, and Professional Vendors to whom

24  disclosure is reasonably necessary for this Action and who have signed the

25  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

26      (g)   during their depositions, witnesses in the Action to whom disclosure is

27  reasonably necessary and who have signed the "Acknowledgment and Agreement

28  to Be Bound" (Exhibit A). Pages of transcribed deposition testimony or exhibits to

1   depositions that reveal Protected Material must be separately bound by the court

2   reporter and may not be disclosed to anyone except as permitted under this

3   Stipulated Protective Order;

4       (h)    any mediator or settlement officer mutually agreed upon by the parties

5   and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

6   A); and

7       (i)    the author or recipient of a document containing the information or a

8   custodian or other person who otherwise possessed or knew the information.

9       7.3.   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

10  ONLY" Information or Items.  Unless otherwise ordered by the court or permitted

11  in writing by the Designating Party and subject to the Prosecution Bar set forth in

12  Section 8, a Receiving Party may disclose any information or item designated

13  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

14      (a)    the Receiving Party's Outside Counsel of Record in this action, as well

15  as employees of said Outside Counsel of Record to whom it is reasonably necessary

16  to disclose the information for this Action;

17      (b)    Experts of the Receiving Party (1) to whom disclosure is reasonably

18  necessary for this Action, (2) who have signed the "Acknowledgment and

19  Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth

20  in Section 7.5(a), below, have been followed;

21      (c)    the Court and its personnel;

22      (d)    independent litigation support services, including court reporters and

23  their staff, professional jury or trial consultants, and Professional Vendors to whom

24  disclosure is reasonably necessary for this Action and who have signed the

25  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

26      (e)    any mediator or settlement officer mutually agreed upon by the parties

27  and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

28  A); and

11

STIPULATED PROTECTIVE ORDER 2:18-CV-02210-RGK-AGR

1      (f)    the author or recipient of a document containing the information or a

2  custodian or other person who otherwise possessed or knew the information.

3      7.4.   <u>Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE"</u>

4  <u>Information or Items</u>.  A party or non-party may designate Source Code as

5  "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes

6  confidential, proprietary, or trade secret Source Code.  Unless otherwise ordered by

7  the Court or permitted in writing by the Designating Party, Source Code designated

8  as HIGHLY CONFIDENTIAL – SOURCE CODE shall be subject to the following

9  provisions:

10      (a)    Protected Material designated as "HIGHLY CONFIDENTIAL –

11  SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY

12  CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, including the

13  Prosecution Bar set forth in Section 8, and may be disclosed only to the individuals

14  to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

15  information may be disclosed, as set forth in Sections 7.3 and 7.5.

16      (b)    Any Source Code produced in discovery shall be made available for

17  inspection, in a format allowing it to be reasonably reviewed and searched, during

18  normal business hours or at other mutually agreeable times, at an office of the

19  Producing Party's counsel in Northern or Southern California or another mutually

20  agreed upon location.  The Source Code shall be made available for inspection on a

21  secured computer in a secured room without Internet access or network access to

22  other computers, and the Receiving Party shall not copy, remove, or otherwise

23  transfer any portion of the Source Code onto any recordable media or recordable

24  device.  During Source Code review, the receiving Party may only bring non-

25  electronic writing utensils (i.e., pen or pencil only) and paper to the secured room.

26  The Producing Party may visually monitor the activities of the Receiving Party's

27  representatives during any Source Code review, but only to ensure that there is no

28  unauthorized recording, copying, or transmission of the Source Code.

12

STIPULATED PROTECTIVE ORDER 2:18-CV-02210-RGK-AGR

1     (c)    The Receiving Party may request paper copies of limited portions of

2    Source Code that are reasonably necessary for the preparation of court filings,

3    pleadings, expert reports, or other papers, or for deposition or trial up to a total

4    amount of four hundred (400) pages absent a showing of need beyond the four

5    hundred (400) pages.  The Receiving Party shall not request paper copies for the

6    purposes of reviewing the Source Code other than electronically as set forth in

7    paragraph (b) in the first instance. The Producing Party shall provide all such

8    Source Code in paper form including bates numbers and the label "HIGHLY

9    CONFIDENTIAL – SOURCE CODE."

10     (d)    The Receiving Party shall maintain a record of any individual who has

11    inspected any portion of the source code in electronic or paper form. The Receiving

12    Party shall maintain all paper copies of any printed portions of the source code in a

13    secured, locked area. Similarly, the Receiving Party shall maintain any notes of an

14    Expert in a secured, locked area.  The Receiving Party shall not create any

15    electronic or other images of the paper copies and shall not convert any of the

16    information contained in the paper copies into any electronic format. The Receiving

17    Party shall only make additional paper copies if such additional copies are (1)

18    necessary to prepare court filings, pleadings, or other papers (including a testifying

19    expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for

20    the preparation of its case. Any paper copies used during a deposition shall be

21    retrieved by the Producing Party at the end of each day and must not be given to or

22    left with a court reporter or any other individual.

23     7.5.   Procedures for Approving or Objecting to Disclosure of "HIGHLY

24    CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

25    CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.

26     (a)    Unless otherwise ordered by the court or agreed to in writing by the

27    Designating Party, a Party that seeks to disclose to an Expert any information or

28    item that has been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

1   ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

2   CODE" first must make a written request to the Designating Party that (1) sets forth

3   the full name of the Expert and the city and state of his or her primary residence; (2)

4   attaches a copy of the Expert's current curriculum vitae; and (3) identifies (by name

5   and number of the case, filing date, and location of court) any litigation in

6   connection with which the Expert has offered expert testimony, including through a

7   declaration, report, or testimony at a deposition or trial, during the preceding five

8   years.

9        (b)    A Party that makes a request and provides the information specified in

10   the preceding paragraph may disclose the subject Protected Material to the

11   identified Expert unless, within 14 days of delivering the request, the Party receives

12   a written objection from the Designating Party. Any such objection must set forth in

13   detail the grounds on which it is based.

14        (c)    A Party that receives a timely written objection must meet and confer

15   with the Designating Party (through direct voice to voice dialogue) to try to resolve

16   the matter by agreement within seven days of the written objection.  If no

17   agreement is reached, the Party seeking to make the disclosure to the Expert may

18   file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local

19   Rule 79-5, if applicable) seeking permission from the court to do so.  Any such

20   motion must describe the circumstances with specificity, set forth in detail the

21   reasons why the disclosure to the Expert is reasonably necessary, assess the risk of

22   harm that the disclosure would entail, and suggest any additional means that could

23   be used to reduce that risk. In addition, any such motion must be accompanied by a

24   competent declaration describing the parties' efforts to resolve the matter by

25   agreement (i.e., the extent and the content of the meet and confer discussions) and

26   setting forth the reasons advanced by the Designating Party for its refusal to

27   approve the disclosure.

28        In any such proceeding, the Party opposing disclosure to the Expert shall

1  bear the burden of proving that the risk of harm that the disclosure would entail

2  (under the safeguards proposed) outweighs the Receiving Party's need to disclose

3  the Protected Material to its Expert.

4  **8.  PROSECUTION BAR**

5  Absent written consent from the Producing Party, any individual who

6  receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

7  or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be

8  involved in the prosecution of patents or patent applications claiming priority to or

9  otherwise related to the patents asserted in this action, before any foreign or

10  domestic agency, including the United States Patent and Trademark Office ("the

11  Patent Office").  For purposes of this paragraph, "prosecution" includes directly or

12  indirectly drafting, amending, advising, or otherwise affecting the scope or

13  maintenance of patent claims. To avoid any doubt, "prosecution" as used in this

14  paragraph does not include representing a party challenging a patent before a

15  domestic or foreign agency (including, but not limited to, a reissue protest, ex parte

16  reexamination or inter partes reexamination). This Prosecution Bar shall begin

17  when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

18  "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by

19  the affected individual and shall end two (2) years after final termination of this

20  action.

21  **9.  PROTECTED MATERIAL SUBPOENAED OR ORDERED**

22  **PRODUCED IN OTHER LITIGATION**

23  If a Party is served with a subpoena or a court order issued in other litigation

24  that compels disclosure of any information or items designated in this action as

25  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

26  ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

27  (a)  promptly notify in writing the Designating Party. Such notification

28  shall include a copy of the subpoena or court order;

1     (b)     promptly notify in writing the party who caused the subpoena or order

2   to issue in the other litigation that some or all of the material covered by the

3   subpoena or order is subject to this Protective Order. Such notification shall include

4   a copy of this Stipulated Protective Order; and

5     (c)     cooperate with respect to all reasonable procedures sought to be

6   pursued by the Designating Party whose Protected Material may be affected.

7     If the Designating Party timely seeks a protective order, the Party served with

8   the subpoena or court order shall not produce any information designated in this

9   action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

10   EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a

11   determination by the court from which the subpoena or order issued, unless the

12   Party has obtained the Designating Party's permission. The Designating Party shall

13   bear the burden and expense of seeking protection in that court of its confidential

14   material – and nothing in these provisions should be construed as authorizing or

15   encouraging a Receiving Party in this action to disobey a lawful directive from

16   another court.

17   **10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

18   **PRODUCED IN THIS ACTION**

19     (a)     The terms of this Order are applicable to information produced by a

20   Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY

21   CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY

22   CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties

23   in connection with this Action is protected by the remedies and relief provided by

24   this Order. Nothing in these provisions should be construed as prohibiting a Non-

25   Party from seeking additional protections.

26     (b)     In the event that a Party is required, by a valid discovery request, to

27   produce a Non-Party's confidential information in its possession, and the Party is

28   subject to an agreement with the Non-Party not to produce the Non-Party's

confidential information, then the Party shall:

1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.    make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

**PROTECTED MATERIAL**

1 | **PROTECTED MATERIAL**

2 |  When a Producing Party gives notice to Receiving Parties that certain

3 | inadvertently produced material is subject to a claim of privilege or other

4 | protection, the obligations of the Receiving Parties are those set forth in Federal

5 | Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify

6 | whatever procedure may be established in an e-discovery order that provides for

7 | production without prior privilege review.  Pursuant to Federal Rule of Evidence

8 | 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure

9 | of a communication or information covered by the attorney-client privilege or work

10 | product protection, the parties may incorporate their agreement in the stipulated

11 | protective order submitted to the court.

12 |  Upon a request from any Producing Party who has inadvertently produced

13 | Discovery material that it believes is privileged and/or protected, each Receiving

14 | Party shall immediately return such Protected Material or Discovery material and

15 | all copies to the Producing Party, except for any pages containing privileged

16 | markings by the Receiving Party which shall instead be destroyed and certified as

17 | such by the Receiving Party to the Producing party.

18 |  If the Receiving Party has disclosed the information to others before being

19 | notified of the claim of privilege or protection, the Receiving Party must take

20 | reasonable steps to retrieve and return or destroy the disclosed information.  No use

21 | shall be made of such documents or information during deposition or at trial, nor

22 | shall such documents or information be shown to anyone after the request that they

23 | be returned.  If a claim is disputed, the Receiving Party shall not use or disclose a

24 | document or information for which a claim of privilege or immunity is made

25 | pursuant to this paragraph for any purpose until the matter is resolved by agreement

26 | of the Parties or by a decision of this court.

27 |  Nothing in this Protective Order shall require disclosure of material that a

28 | Party contends is protected from disclosure by attorney-client privilege or the

1   attorney work-product immunity or any other applicable form of immunity.  This

2   shall not preclude any Party from moving the court for an order disclosure of such

3   material.

4   **13.    MISCELLANEOUS**

5        13.1.  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any

6   person to seek its modification by the court in the future.

7        13.2.  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

8   Protective Order, no Party waives any right it otherwise would have to object to

9   disclosing or producing any information or item on any ground not addressed in

10  this Stipulated Protective Order.  Similarly, no Party waives any right to object on

11  any ground to use in evidence of any of the material covered by this Protective

12  Order.

13       13.3.  <u>Filing Protected Material</u>.  Without written permission from the

14  Designating Party or a court order secured after appropriate notice to all interested

15  persons, a Party may not file in the public record in this Action any Protected

16  Material.  A Party that seeks to file under seal any Protected Material must comply

17  with Civil Local Rule 79-5.

18       13.4.  <u>Export Control on Receiving Party</u>.  Disclosure of Protected Material

19  shall be subject to all applicable laws and regulations relating to the export of

20  technical data contained in such Protected Material, including the release of such

21  technical data to foreign persons or nationals in the United States or elsewhere.  The

22  Producing Party shall be responsible for identifying any such controlled technical

23  data, and the Receiving Party shall take measures necessary to ensure compliance.

24  **14.    FINAL DISPOSITION**

25       Within 60 days after the final disposition of this Action, as defined in Section

26  4, each Receiving Party must return all Protected Material to the Producing Party or

27  destroy such material.  As used in this subdivision, "all Protected Material"

28  includes all copies, abstracts, compilations, summaries, and any other format

|  | 19 |  |
|---|---|---|
|  | STIPULATED PROTECTIVE ORDER 2:18-CV-02210-RGK-AGR | |

1   reproducing or capturing any of the Protected Material. Whether the Protected

2   Material is returned or destroyed, the Receiving Party must submit a written

3   certification to the Producing Party (and, if not the same person or entity, to the

4   Designating Party) by the 60-day deadline that (1) identifies (by category, where

5   appropriate) all the Protected Material that was returned or destroyed and (2)

6   affirms that the Receiving Party has not retained any copies, abstracts,

7   compilations, summaries or any other format reproducing or capturing any of the

8   Protected Material. Notwithstanding this provision, Counsel are entitled to retain

9   an archival copy of all pleadings, motion papers, trial, deposition, and hearing

10   transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

11   reports, attorney work product, and consultant and expert work product, even if

12   such materials contain Protected Material. Any such archival copies that contain or

13   constitute Protected Material remain subject to this Protective Order as set forth in

14   Section 4 (DURATION).

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    Dated: September 12, 2018        /s/ Marc Belloli

4                                    Attorneys for Plaintiff

5

6    Dated: September 12, 2018        /s/ Bryan Wilson

7                                      Attorneys for Defendants

8

9    PURSUANT TO STIPULATION, **IT IS SO ORDERED**.

10

11   DATED: _9/12/2018_

12   _Alicia G. Rosenberg_

13   Hon. Alicia G. Rosenberg

14   United States District/Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on in the case of *Monument Peak Ventures, LLC v. SZ DJI Technology Co., Ltd.*, Case No. 2:18-cv-02210-RGK-AGR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint the counsel in this case that presented this Acknowledgment and Agreement to Be Bound as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____